**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLOOMFIELD, INC., On Behalf of Itself and All Others Similarly Situated, | ECF CASE |
| Plaintiff, | Civil Action No. 07-CIV-4727 (UA) |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| XINHUA FINANCE MEDIA LTD., FREDY BUSH, SHELLY SINGHAL, J.P. MORGAN SECURITIES INC., UBS AG, CIBC WORLD MARKETS CORP., and W.R. HAMBRECHT & COMPANY, LLC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Bloomfield, Inc., on behalf of itself and all other person similarly situated, by its undersigned attorneys, alleges upon person knowledge as to itself and its own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through its attorneys, which included, among other things, a review of public documents and announcements made by the defendants, Securities and Exchange Commission ("SEC") filings, and press releases regarding Xinhua Finance Media Ltd. ("Xinhua Finance" or the "Company"), and plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.      This is a class action brought by plaintiff on behalf of itself and a Class defined below, consisting of all other persons and entities who purchased the American Depository Shares ("ADS") of Xinhua Finance pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the initial public offering of Xinhua Finance

ADSs (the "IPO") between March 8, 2007 and May 21, 2007 inclusive (the "Class Period"), to recover damages caused by the defendants' violation of the Securities Act of 1933 (the "Securities Act").

2. The IPO was conducted pursuant to the filing with the SEC by Xinhua Finance of a Registration Statement on March 5, 2007 and a Prospectus on March 9, 2007 (collectively the "Registration Statement").

3. The Registration Statement for the IPO failed to disclose that prior to the IPO, Defendant Shelly Singhal ("Singhal"), the Chief Financial Officer ("CFO") of the Company, was an investment banker and stockbroker, who ran a brokerage firm, Bedrock Securities ("Bedrock") that has been under a cease-and-desist order from the National Association of Securities Dealers ("NASD") since 2006. An article in *Barron's* also reported that Singhal is fighting a private civil racketeering suit in California for his investment activities. Singhal has previously been a significant investor in AremisSoft and ACLN, companies previously sued by the SEC.

4. On May 18, 2007, after the markets closed, the Company disclosed that Defendant Singhal resigned from his positions at Xinhua Finance Media and Xinhua Finance.

5. According to a *Barron's* article, published on May 19, 2007, two key employees of Xinhua Finance's subsidiary, Glass Lewis, resigned as a result of the Company's failure to disclose in the Company's Registration Statement accusations of improper behavior by Defendant Singhal. Lynn E. Turner, head of research at Glass Lewis and former chief accountant at the SEC, was reported to have resigned on May 18, 2007. Jonathan Weil ("Weil") a Managing Director and research editor at Glass Lewis was reported to have resigned on May 16, 2007. As reported by *Barron's*, Weil wrote in this resignation letter that he was

"uncomfortable with and deeply disturbed" by Xinhua Finance's conduct. Weil added that, "to protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance."

6. On May 21, 2007, the next trading day, the Company's shares fell from $9.94 a share to close at $8.76 a share. On May 22, 2007, Xinhua Finance shares fell further to close at $7.10 a share.

## JURISDICTION AND VENUE

7. The claims alleged herein arise under Section 11, 12(a)(2) and 15 of the Securities Act, [15 U.S.C. §§ 77K, 77l(a)(2) and 77(o)].

8. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, [15 U.S.C. §77v] and 28 U.S.C. §1331 and 1337.

9. Venue is proper in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). Many of the acts and transactions alleged herein, including the marketing and sale of the IPO to the investing public, occurred in this District.

10. In connection with the acts, transactions and conduct alleged herein, defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of the national securities exchanges.

## THE PARTIES

11. Plaintiff, Bloomfield, Inc. purchased Xinhua Finance ADSs during the Class Period as detailed in the attached Certification and has been damaged thereby.

12. Defendant Xinhua Finance operates as a leading diversified financial and entertainment media company in China.

3

13. Defendant Fredy Bush ("Bush") was, at all relevant times, the Company's Chief Executive Officer and Chairman of the Board of Directors. Bush signed the Registration Statement.

14. Defendant Singhal was, at all relevant times, the Company's CFO and a Director. Singhal signed the Registration Statement.

15. Defendant J.P. Morgan Securities Inc. ("J.P. Morgan") served as an underwriter of the Company's offering.

16. Defendant UBS AG ("UBS") served as an underwriter of the Company's offering.

17. Defendant CIBC WorldMarkets Corp. ("CIBC") served as an underwriter of the Company's offering.

18. Defendant WR Hambrecht & Co., LLC ("WR Hambrecht") served as an underwriter of the Company's offering.

19. Defendants Bush and Singhal are collectively referred to hereafter as the "Individual Defendants."

20. By reason of their management positions, and/or membership on Xinhua Finance Board of Directors ("Board") and their ability to make public statements in the name of Xinhua Finance, the Individual Defendants were and are controlling persons, and had the power and influence to cause (and did cause) Xinhua Finance to engage in the unlawful conduct complained herein.

21. By reason of their positions with the Company, the Individual Defendants had access to internal Company documents, reports and other information, including the adverse non-public information concerning the Company's financial condition and business, and attended management and/or Board meetings. The Individual Defendants were responsible for the

truthfulness and accuracy of the Company's public filings and press releases described herein.

## **SUBSTANTIVE ALLEGATIONS**

22.     On March 8, 2007, Xinhua Finance completed its IPO, selling 23,076,923 ADSs representing 46,153,816 common shares at $13 per ADS, pursuant to the Registration Statement and Prospectus.

23.     The Registration Statement (p.156) represented the following:

Shelly Singhal has served as our Chief Financial Officer since September 2006, and has served as a director of our parent, Xinhua Finance Limited, since July 2004.  Mr. Singhal will serve as our director, commencing from the Securities and Exchange Commission's declaration of effectiveness of our registration statement on Form F-1, of which this prospectus is a part.

24.     The Registration Statement (p.157) further represented that:

Mr. Singhal sits on the Compensation Committee, Audit Committee and Investment Committee of our parent.  Mr. Singhal founded the SBI Group, an investment company, in June 2001, serving as its Managing Director until December 2003, and as Chairman and CEO since that time.  Mr. Singhal has also served as a director and member of the Compensation Committee of Small World Kids Inc. since October 2004.  Mr. Singhal owns Bedrock Securities, a NASD licensed broker dealer and its sister company, Bedrock China Futures, Ltd., which is an Asian securities trading company.  Mr. Singhal worked for SBI-E2 Capital, a member of Softbank Investment Group, from 2001 to 2003.  Mr. Singhal holds a B.S. degree in Business Administration from Seaver College at Pepperdine University.

25.     The Company's Registration Statement failed to disclose material information in the Registration Statement and Prospectus concerning the Company's CFO and the statements in paragraphs 23 and 24 were materially false and misleading.  Specifically, since April 2006, while Defendant Singhal was serving as CFO, he was simultaneously an investment banker and stockbroker, who ran a brokerage firm, Bedrock, that has been under a cease-and-desist order from the NASD.  An article in *Barron's* also reported that Singhal is fighting a private civil racketeering suit in California relating to his investment activities.

26. On April 20, 2006, the NASD issued a cease and desist order alleging that Bedrock violated SEC records Rule 17A-3, 17A-4, SEC Net Cap Rule 15C3-1 and Customer Protection Rule 15C3-3. The regulatory inquiry is still pending.

27. On May 18, 2007, after the markets closed, the Company disclosed that Defendant Singhal resigned from his positions at Xinhua Finance Media and Xinhua Finance.

28. In addition, two key employees of Xinhua Finance's subsidiary Glass Lewis reportedly resigned as a result of the Company's failure to disclose accusations of improper behavior by Defendant Singhal in the Company's Registration Statement and Prospectus. Lynn E. Turner, head of research at Glass Lewis, was reported to have resigned on May 18, 2007. Weil a Managing Director and research editor at Glass Lewis was reported to have resigned on May 16, 2007. As reported by *Barron's*, Weil wrote in this resignation letter that he was "uncomfortable with and deeply disturbed" by Xinhua Finance's conduct. Weil added that, "to protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance."

29. The *Barron's* article of May 19, 2007 reported, in relevant part, as follows:

ASIAN BUSINESS MEDIA TAPPED FREDY BUSH as the "entrepreneur of the year" last October for building her Xinhua Finance into a Chinese media and financial information powerhouse.

In just seven years, Xinhua has become a kind of McGraw-Hill of China -- with financial news services, stock indexes and ratings agencies. Listed in Tokyo, Bush's company's raised $300 million in March in a U.S. offering on behalf of its (XFML) unit (ticker: XFML). Xinhua Finance has collected some influential U.S. assets this year, including the hard-hitting proxy advisory firm Glass Lewis that's staffed with veterans of the Securities and Exchange Commission and the Wall Street Journal...or at least it was until last week.

That's when two of the most prestigious staffers at Glass Lewis [Jonathan Weil and Lynn Turner] resigned after apparently concluding that their new parent company, Xinhua Finance, would have flunked a Glass Lewis review of its corporate transparency. It turns out that Xinhua Finance Media's IPO prospectus failed to mention some awkward facts about the company's then-chief financial officer, Shelly Singhal.

6

> The 39-year-old Singhal was simultaneously the company's CFO and an investment banker and stock broker who runs the Newport Beach, Calif., firm Bedrock Securities. And since April 2006, Singhal's firm has been under a cease-and-desist order from the National Association of Securities Dealers, as the regulators seek to suspend Bedrock for violating several SEC rules. I called Bedrock, but no one returned my message.
>
> Singhal's name actually came up in Barron's May 7 issue (" New Controversy for iMergent "), where we reported that he was fighting a private civil racketeering suit in California courts for his investment activities. He got involved with Xinhua Finance as a major investor in 2003. He had previously been a major investor in a couple of companies called AremisSoft and ACLN -- which turned out to be outrageous frauds.
>
> * * *
>
> "I am uncomfortable with and deeply disturbed," Weil said in his resignation letter, "by the conduct, background and activities of our new parent company Xinhua Finance Ltd., its senior management, and its directors. To protect my reputation, I no longer can be associated with Glass Lewis or Xinhua Finance."
>
> Shortly after I called Xinhua Finance Friday afternoon to ask about Singhal, the company put out a press release announcing that he was resigning from the boards of both Xinhua Finance and its Nasdaq-listed subsidiary, and also leaving his management positions. "It is a difficult decision to leave these two Companies that I have helped to grow," he said in the announcement, "but there are other priorities that will require my full attention, so it is clearly the right thing to do now."
>
> * * *
>
> I asked if she'd known about the NASD action against Singhal's brokerage firm when putting together a prospectus for Xinhua Finance Media that omitted that fact. After a long speech about how she had relied on the best advice of the company's underwriters and lawyers, she acknowledged that, "yes," she had known about the NASD problems of Singhal's brokerage firm. Her legal advisers told her, she said, that the prospectus didn't have to make that disclosure.

30.     On May 21, 2007, the next trading day, the Company's shares fell from $9.94 a share to close at $8.76 a share. On May 22, 2007, Xinhua Finance's shares fell further to close at $7.10 a share.

7

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons and entities who purchased the ADSs pursuant and/or traceable to the Company's Registration Statement issued in connection with the IPO during the Class Period, and who suffered damages as a result of the defendants' improper conduct (the "Class"). Excluded are the defendants, any entity in which the defendants have a controlling interest or is a parent or subsidiary of or is controlled by the Company, and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of the defendants.

32. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Xinhua Finance's ADSs were actively traded on the NASDAQ under the ticker symbol ("XFML"). Over 23 million ADSs were sold in the IPO. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes there are, at minimum, thousands of members of the Class who traded Xinhua Finance's ADSs during the Class Period.

33. Questions of law and fact are common to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a) Whether the federal securities laws were violated by defendants' acts as alleged herein;

    b) Whether the Company's filed Registration Statement and Prospectus in connection with the IPO omitted and/or misrepresented material facts about Xinhua and its management; and

    c) The extent of injuries sustained by the Class and the appropriate measure of damages.

34. Plaintiff's claims are typical of the claims of the members of the Class as plaintiff and the other members of the Class each sustained damages arising out of the defendants' wrongful conduct in violation of federal law as complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since joinder of all members of the Class is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them. Plaintiff anticipates no unusual difficulties in the management of this action as a class action.

## COUNT I

### VIOLATION OF SECTION 11 OF THE SECURITIES ACT AGAINST PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

37. Plaintiff repeats and reiterates each and every allegation contained above.

38. This claim is brought by plaintiff who obtained Xinhua Finance's ADSs pursuant to and/or traceable to the Registration Statement on behalf of itself and other members of the Class. Each Class member acquired their shares pursuant to or traceable to the Registration Statement.

39. The defendants are liable under this claim because the Registration Statement contained untrue statements or omitted material facts required to be stated or necessary to make the statements not misleading.

40.     Xinhua is the issuer of the stock sold via the Registration Statement. As issuer of the stock, the Company is strictly liable to plaintiff and the Class for the material misstatements and omissions therein.

41.     The Individual Defendants as signatories of the Registration Statement, owed to the purchasers of the ADSs obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they become effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

42.     None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true or that there was no omission of material facts necessary to make the statements made therein not misleading. As such, defendants are liable to the Class.

43.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public which were contained in the Registration Statement, which misrepresented or failed to disclosed, inter alia, the facts set forth above. By reason of the conduct herein alleged, each defendant violated and/or controlled a person who violated §11 of the Securities Act.

44.     At the time they obtained their shares of Xinhua Finance, the plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements or omissions alleged herein and could not have reasonably discovered those facts.

45.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement should have been made through the exercise of reasonable diligence.

46.     By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from the defendants and each of them, jointly and severally.

## COUNT II
### VIOLATION OF SECTION 12(a)(2) OF THE SECURITIES ACT AGAINST AGAINST ALL DEFENDANTS

47.     Plaintiff repeats and reiterates each and every allegation contained above.

48.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all defendants.

49.     Defendants were sellers and offerors and/or solicitors of purchasers of Xinhua Finance shares offered pursuant to the Registration Statement. The Individual Defendants acting on behalf of Xinhua Finance promoted the Company in order to promote investor interest in purchasing shares to be offered on the IPO. The Individual Defendants also, acting on behalf of Xinhua Finance participated in the preparation and dissemination of the false and misleading Registration Statement.

50.     The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and concealed and failed to disclose material facts.

51.     Defendants owed to those purchasers of Xinhua Finance shares through the IPO, the duty to make a reasonable and diligent investigation of the statements contained in the IPO materials, including the Registration Statement contained therein, to ensure that such statements

11

were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

52. Plaintiff did not know, or in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Registration Statement.

53. Plaintiff and other members of the Class purchased or otherwise acquired the Company's common stock pursuant to and/or traceable to the defective Registration Statement.

54. Defendants have thereby violated §12(a)(2) of the Securities Act. Plaintiff and members of the Class who hold Xinhua Finance's shares purchased in the IPO have the right to rescind and recover the consideration paid for their Xinhua Finance shares common stock.

55. Plaintiff, individually and representatively, hereby offers to tender to defendants those shares which plaintiff and the other Class members continue to own, on behalf of all members of the Class who continue to own such shares, in return for the consideration paid for those securities together with interest therein. Class members who have sold their Xinhua Finance shares are entitled to rescissory damages.

## COUNT III
### VIOLATION OF SECTION 15 OF THE SECURITIES ACT
### AGAINST THE INDIVIDUAL DEFENDANTS

56. Plaintiff repeats and realleges each and every allegation contained above.

57. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

58. The Individual Defendants, by virtue of their stock ownership, offices, directorships and specific acts were, at the time of the wrongs alleged herein and as set forth herein, a controlling person of Xinhua Finance. The Individual Defendants had the power and influence and exercised the same to cause Xinhua Finance to engage in the acts described herein.

59. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforementioned wrongful conduct and are liable to the plaintiff and the Class for damages.

60. Each Individual Defendant was a participant in the violations of Section 11 and 12(a)(2) of the Securities Act, based on their having signed the Registration Statement and participated in offering and sale of securities through the IPO.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on its own behalf and on behalf of the Class, prays for judgment as follows:

(a) Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b) Awarding plaintiff and the other members of the Class damages in an amount which may be proven at trial, together with interest thereon;

(c) Awarding plaintiff and other class members rescission on their Section 12(a)(2) claim;

(d) Awarding plaintiff and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs; and

(e) Such other relief as this Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  June 4, 2007

        **ZWERLING, SCHACHTER & ZWERLING, LLP**

        By:   /s/ Richard A. Speirs
            Richard A. Speirs (RS-8872)
        Shaye J. Fuchs (SF-9412)
        41 Madison Avenue
        New York, NY 10010
        Phone: (212) 223-3900
        Facsimile: (212) 371-5969

        *Attorneys for Plaintiff*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, MICHAEL CRIDEN, as President of BLOOMFIELD, INC., hereby certify and swear as follows:

1. I have reviewed a Complaint against Xinhua Finance Media Limited alleging violations of the securities laws and hereby authorize the filing of the Complaint on my behalf;

2. I am willing to serve as a representative party on behalf of a class, or to be a member of a group representing a class, including providing testimony at deposition and trial, if necessary;

3. I have not within the 3-year period preceding the date hereof sought to serve, or served, as a representative party on behalf of a class in an action brought under the federal securities laws, unless noted hereafter:

The following is a description of my transactions during the Class Period specified in the Complaint in the ADRs of Xinhua Finance Media Limited:

| Security | Transaction | Trade Date | Price Per Share |
|---|---|---|---|
| Xinhua Finance Media | Purchase 500 shares | March 9, 2007 | $13.00 |

I did not purchase shares of Xinhua Finance Media Limited at the direction of my counsel or in order to participate in any private action under the federal securities laws;

I will not accept any payment for serving as a representative party on behalf of a class beyond my prorata share of any recovery, except as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 31, 2007

_____
MICHAEL CRIDEN, PRESIDENT,
BLOOMFIELD, INC.